

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDERICK HERROD,<br>PETITIONER, | §<br>§<br>§ | |
| v. | § | No. 3:03-CV-1788-D |
| | § | |
| DOUGLAS DRETKE, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, CORRECTIONAL<br>INSTITUTIONS DIVISION,<br>RESPONDENT. | §<br>§<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

**Parties**

Petitioner, Frederick Herrod, is an inmate in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

**Procedural History**

On April 19, 2000, Herrod was indicted for aggravated robbery. (State Habeas R. at 107.) At the time of the indictment, he was on probation for two charges of unauthorized use of a motor vehicle and one charge of possession of one or more but less than four grams of cocaine. *Herrod v. State*, Nos. 5-00-1653, 1654, 1655, 1656-CR, 2002 WL 227039, at *1 (Tex. App.—Dallas Feb. 15, 2002, no pet.) (not designated for publication). On August 8, 2000, Herrod pleaded guilty to the aggravated robbery, without a punishment recommendation from the State. The trial court found

him guilty of aggravated robbery and sentenced him to 45 years' confinement.[1] (*Id.* at 109, 115.) The Fifth District Court of Appeals affirmed the trial court's judgments,[2] but Herrod did not file a petition for discretionary review. *Id.*

On January 29, 2003, Herrod filed a state application for writ of habeas corpus challenging his aggravated-robbery conviction. *Ex parte Herrod*, No. 55,725-01 (Tex. Crim. App. July 16, 2003) (not designated for publication). The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. *Id.* On August 2, 2003, Herrod filed a timely federal petition for writ of habeas corpus in the United States District Court for the Northern District of Texas, Dallas Division. *See* RULES GOVERNING SECTION 2254 CASES 3(d) (mandating timeliness determined by date petition placed in institution's internal mailing system); *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam) (holding, under prison mailbox rule, pro se habeas petition filed when papers delivered to prison authorities for mailing).

### Issues

Herrod argues that:

1. his guilty plea was involuntary;

2. trial counsel was constitutionally ineffective; and

3. the trial court should have *sua sponte* rejected his guilty plea because no evidence supported his conviction.

---

[1] The trial court also revoked Herrod's probations and sentenced him to two years' confinement for each offense, to be served concurrently with his aggravated-robbery sentence. *Id.*

[2] In a consolidated appeal, the court of appeals affirmed Herrod's aggravated-robbery conviction as well as the three probation revocations.

### Exhaustion of State Court Remedies

Dretke believes Herrod has sufficiently exhausted available state remedies on all issues presented and, thus, does not move for dismissal on this ground.

### Standard of Review

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Holland v. Jackson*, 124 S. Ct. 2736, 2738-39 (2004); *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication

3

on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### **Involuntary Guilty Plea**

Herrod argues that his guilty plea was involuntary because he was not properly admonished by either counsel or the trial court about what the available sentencing options and because trial counsel Lisa Exum was unaware of the plea-bargain negotiations conducted by King Solomon, Herrod's counsel in the probation-revocation cases. (Fed. Pet. at 7; Pet'r Mem. of Law at 5-6; Pet'r Resp. at 1-3.) Because Herrod pleaded guilty, he may only challenge the voluntary character of his guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983), *cert. denied*, 466 U.S. 906 (1984).

If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). He must show such a strong degree of misunderstanding, duress, or misrepresentation by others that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)). Before a trial court may accept a guilty plea, the court must ensure that the defendant "has a full understanding of what the plea connotes and of its consequence," but not that he understood the "technical legal effect" of the charges. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969); *James*, 56 F.3d at 666. A plea is involuntary, and thus insufficient to support a conviction, if the defendant "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976).

If the defendant understands the maximum prison term and fine for the offense, the subsequent guilty plea is knowingly entered. *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir.) (per curiam), *cert. denied*, 517 U.S. 1198 (1996). Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994), *cert. denied*, 514 U.S. 1071 (1995); *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (per curiam).

The record reflects that Herrod (1) pleaded guilty freely and voluntarily, (2) was aware of the applicable punishment range, (3) had not been promised anything in return for his guilty plea and had not been coerced, (4) was mentally competent, (5) understood the plea admonishments, and (6) was aware of the consequences of his plea. (State Habeas R. at 82-83, 103, 113-14.) Herrod has offered nothing more than his self-serving allegations that his plea was involuntary. This is insufficient to rebut the presumption of regularity of the state court records. *Babb v. Johnson*, 61 F. Supp. 2d 604, 606 (S.D. Tex. 1999); *see also Armstead*, 37 F.3d at 210. Herrod's attacks on his guilty plea do not undermine the sufficiency of the information he was provided before he pleaded guilty. *Ables*, 73 F.3d at 592 n.2. Further, the trial court made factual findings and concluded that the plea was voluntary. (State Habeas R. at 73-74.) Herrod has not overcome with clear and convincing evidence the presumption of correctness which applies to these factual findings. 28 U.S.C. § 2254(e)(1).

### Ineffective Assistance of Counsel

Herrod asserts that trial counsel provided ineffective assistance before he pleaded guilty because she was not aware of the plea-bargain negotiations conducted by Solomon and did not correctly inform Herrod of the sentencing options. (Fed. Pet. at 7; Pet'r Mem. of Law at 3-5; Pet'r

Resp. at 1-3.) Because Herrod pleaded guilty, he may only challenge the voluntary character of his guilty pleas in raising an ineffective-assistance-of-counsel claim. *Hill*, 474 U.S. at 56-57; *Smith*, 711 F.2d at 682. As discussed above, Herrod has failed to show that his plea was involuntary. Thus, he has failed to overcome the presumption that he was properly admonished and that his plea was voluntary. Herrod's guilty plea waived his ineffective-assistance-of-counsel claims occurring before he pleaded guilty. *Beasley v. McCotter*, 798 F.2d 116, 118 & n.1 (5th Cir. 1986) (per curiam), *cert. denied*, 479 U.S. 1039 (1987); *see also Tollet v. Henderson*, 411 U.S. 258, 267 (1973) (stating guilty plea waives all nonjurisdictional defects occurring before entry of plea); *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir.), *cert. denied*, 531 U.S. 830 (2000) (noting long-standing rule that valid guilty plea bars habeas review of nonjurisdictional claims alleging antecedent violations of constitutional rights). Further, the trial court made factual findings based upon trial counsel's affidavit and concluded that counsel was not ineffective.[3] (State Habeas R. at 72-73.) Herrod has not overcome the presumption of correctness, which applies to these factual findings, with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

---

[3]Counsel stated in her affidavit that Herrod was aware of the available sentencing options:

> [After consultation with Solomon and Exum, Herrod] chose to plead guilty and have the judge set his punishment. No promises were made regarding the outcome.
>
> [Herrod] has stated that he was incorrectly advised regarding the sentencing options available to the court. It appears that [Herrod] was eligible to enter the boot camp program on at least one case. He had obviously expressed a desire to request that program and was allowed to make that request in open court. Further the court clearly had the legal authority to place [Herrod] on deferred adjudication probation for the charge of Aggravated Robbery With A Deadly Weapon.

(State Habeas R. at 76.)

### Insufficient Evidence Mandating Rejection of Guilty Plea

In three grounds, Herrod asserts that the trial court should have *sua sponte* rejected his guilty plea because no evidence was introduced to support it. (Fed. Pet. at 7-8; Pet'r Mem. of Law at 7-13; Pet'r Resp. at 1.) As discussed above, Herrod has failed to show that his plea was involuntary. Thus, he has failed to overcome the presumption that he was properly admonished and that his pleas were voluntary. Herrod's guilty plea waived his insufficiency claim. *Kelley v. Alabama*, 636 F.2d 1082, 1083-84 (5th Cir. Unit B Feb. 1981) (per curiam); *see also Florida v. Nixon*, 125 S. Ct. 551, 561 (2004) (stating guilty plea waives constitutional trial rights).

### Summary

Herrod is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination that Herrod was not entitled to relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### Recommendation

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

SIGNED March 29, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTION FOR SERVICE
## AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objection within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusion, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE